# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NATHANIEL TRUJILLO,

       Plaintiff,

v.                                         No. CV 17-53 MV/CG

CITY OF HOBBS, et al.,

       Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND SCHEDULING ORDER DEADLINES

**THIS MATTER** is before the Court on *Defendants' Motion for Stay of Discovery and of Scheduling Order Deadlines Pending a Ruling on Defendants' Motion for Summary Judgment*, (Doc. 37), filed August 17, 2017. Plaintiff filed a response to the Motion on September 8, 2017. (Doc. 50). Defendants have not filed a reply to the Motion, and the time for doing so has passed.

In the Motion, Defendants ask the Court to stay the discovery and scheduling order deadlines in this case pending on a ruling on their motion for summary judgment based on qualified immunity. (Doc. 37 at 1-2). In response to the Motion, Plaintiff states that he "does not oppose a stay of deadlines and a stay of comprehensive discovery," but he seeks discovery under Fed. R. Civ. P. 56(d) in order to respond to Defendants' motion for summary judgment. (Doc. 50 at 1-2). Specifically, Plaintiff seeks discovery in response to a subpoena served on the New Mexico State Police, and asks to take the depositions of four New Mexico State Police investigating officers, three City of Hobbs' Officers, and for the option to depose three additional witnesses. *Id.* at 2-6. Therefore, Plaintiff asks the Court to deny Defendants' motion for a stay of discovery to allow Plaintiff to seek the above-described discovery. *Id.* at 6.

Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman, et al. v. Jordan, et al.*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation"). Here, Plaintiff does not oppose a stay of the deadlines in this case, or of comprehensive discovery, but asks the Court to allow him to seek discovery needed to oppose Defendants' motion for summary judgment. Plaintiff has filed a separate motion for discovery pursuant to Rule 56(d), (Doc. 51), and has asked for an extension of time to respond to Defendants' motion for summary judgment until after the Court rules on his Rule 56(d) motion, (Doc. 52). The Court finds that Defendants are entitled to a stay of the scheduling order deadlines and discovery in this case pending a ruling on their motion for summary judgment based on qualified immunity. The Court further finds that Plaintiff has preserved his request to seek discovery under Rule 56(d), which will be decided by separate order.

**IT IS THEREFORE ORDERED** that *Defendants' Motion for Stay of Discovery and of Scheduling Order Deadlines Pending a Ruling on Defendants' Motion for Summary Judgment*, (Doc. 37), is **GRANTED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE